IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:08-CT-3152-D

| | | |
|---|---|---|
| LACY LEE WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PAUL G. GESSNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Lacy Lee Williams, a state inmate, filed this action pursuant to 42 U.S.C. § 1983 alleging that two Superior Court judges, the Wake County District Attorney, a Wake County Assistant District Attorney, two Wake County public defenders, and the Wake County Clerk of Court violated his constitutional rights [D.E. 1].

"[I]f [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the Prison Litigation Reform Act ("PLRA") requires that the prisoner be under "imminent danger of serious physical injury" to proceed. 28 U.S.C. § 1915(g) (2000). If no such danger exists, a district court must dismiss the prisoner's action. See id.; McLean v. United States, 566 F.3d. 391, 393–94 (4th Cir. 2009). This subsection is known as the "three strikes" provision of the PLRA. See McLean, 566 F.3d. at 393; Altizer v. Deeds, 191 F.3d 540, 544 (4th Cir. 1999).

On at least three previous occasions, plaintiff has filed actions in the district court that were dismissed as frivolous or for failure to state a claim upon which relief may be granted. These cases

include: (1) <u>Williams v. Wake County Jail</u>, 5:07-CT-3167-D (E.D.N.C. dismissed Mar. 3, 2008)

(unpublished) (dismissed as frivolous), <u>aff'd</u>, 295 Fed. Appx. 564, 565 (4th Cir. 2008) (per curiam)

(unpublished); (2) <u>Williams v. Wake County Jail</u>, 5:07-CT-3169-H (E.D.N.C. Feb. 29, 2008)

(unpublished) (dismissed as frivolous), <u>aff'd</u>, 274 Fed. Appx. 279 (4th Cir. 2008) (per curiam)

(unpublished); (3) <u>Williams v. Polk</u>, 5:04-CT-144-FL (E.D.N.C. Apr. 19, 2004) (unpublished)

(dismissed as frivolous), <u>aff'd</u>, 118 Fed. Appx. 775, 776 (4th Cir. 2005) (per curiam) (unpublished);

and, (4) <u>Williams v. Creecy</u>, 5:98-CT-266-BR (E.D.N.C. May 13, 1998) (unpublished) (dismissed

with prejudice).

Further, after reviewing the complaint, the court finds that plaintiff is not under imminent

danger of serious physical injury. Thus, plaintiff's claim is barred under the PLRA and this action

is DISMISSED. <u>See</u> 28 U.S.C. § 1915(g) (2000). Plaintiff's motion for leave to proceed in forma

pauperis [D.E. 2] and motion for a frivolity review [D.E. 3] are DENIED as moot. The Clerk of

Court is DIRECTED to close the case.

SO ORDERED. This **23** day of October 2009.

JAMES C. DEVER III
United States District Judge

2